**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORHTERN DIVISION**

**EMMANUEL QUAMEY**                                                   **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 3:25-cv-429-KHJ-MTP**

**WARDEN, FCI YAZOO CITY II**                                      **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Emmanuel Quamey's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice for Quamey's failure to exhaust administrative remedies prior to filing the Petition.

**BACKGROUND**

On May 3, 2024, Quamey was sentenced in the United States District Court for the Eastern District of New York to a 48-month term of imprisonment for conspiracy to receive stolen property in violation of 18 U.S.C. § 371. *See* [1] at 1; [10-1] at 7.  On June 13, 2025, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Quamey filed the instant Petition [1] under 28 U.S.C. § 2241 arguing that he has earned credit under the First Step Act[1] and Second Chance Act,[2] which the Bureau of Prisons ("BOP") has failed to apply to his sentence.

---

[1] *See* 18 U.S.C. § 3632.  The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

[2] *See* 18 U.S.C. § 3624.  The Second Chance Act authorizes the Bureau of Prisons to place eligible inmates in Residential Reentry Centers for up to twelve months and in home confinement for up to six months.

On January 28, 2026, Respondent filed a Response [10] arguing, *inter alia*, that the Petition should be dismissed because Quamey failed to exhaust his administrative remedies prior to filing this action.  Quamey filed no reply.

**ANALYSIS**

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).  "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)).  A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints.  Initially, an inmate must attempt to informally resolve the complaint with staff.  Thereafter, the inmate must submit a request for administrative remedies to the warden.  If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director.  If the inmate remains dissatisfied, he may proceed to the final step of the

grievance process, an appeal to the BOP's Office of General Counsel.  *See* 28 C.F.R. §§ 542.13-542.15; [10-1] at 4.

Respondent asserts that Quamey did not initiate the administrative process, much less exhaust the process.  Although he did not file a reply to the Response [10], Quamey addressed exhaustion in his Petition [1].  Quamey admits that he did not seek an administrative remedy. *See* [1] at 2.  But, Quamey asserts that he "has been prevented from pursing the administrative remedy process due to almost continuous lockdowns, and the logistical inability to submit his [forms]." *Id*. at 10.  He also argues that exhaustion would be futile because of the BOP's continuing failure to follow the First Step Act and Second Chance Act. *Id*. at 10-11.

Quamey bears the burden of demonstrating the futility of administrative review. *See Fuller*, 11 F.3d at 62.  Here, Quamey provides only vague and conclusory assertions concerning lockdowns and his "logistical inability" to exhaust administrative remedies.  He provides no details about when the alleged lockdowns occurred or how the lockdowns prevented him from exhausting administrative remedies, but not from filing this habeas action.  Nor does he explain what efforts he made to exhaust administrative remedies.  Indeed, Respondent provides a declaration from Amy Landers, a paralegal at FCC Yazoo City, stating that Quamey did not file any formal requests concerning his earned credits. *See* [10-1] at 4.

Quamey's allegations do not establish that exhaustion would be futile or otherwise demonstrate the existence of extraordinary circumstances warranting a waiver of the exhaustion requirement. *See Jennings v. Warden*, 2025 WL 1615372, at *3 (D. Colo. June 6, 2025) (holding that vague and conclusory assertions concerning "nonstop lockdown" did not demonstrate that exhaustion would be futile); *Herrera v. Warden*, 2023 WL 4352425, at *2 (E.D. Cal. June 30, 2023) (holding that extraordinary circumstances were not present where petitioner failed to show

3

he had taken sufficiently reasonable steps to exhaust administrative remedies despite lockdowns); *Aroche v. Quintana*, 2023 WL 2899287, at *4 (C.D. Cal. Feb. 27, 2023) (holding that extraordinary circumstances were not present where petitioner failed to show that he attempted to exhaust after a lockdown ended); *Santillan-Tabares v. Ma'at*, 2022 WL 18283200, at *2 (W.D. La. Nov. 8, 2022) (holding that allegations concerning lockdowns and insufficient staff did not establish extraordinary circumstances that would warrant an exemption from the exhaustion requirement).

Turning to Quamey's argument that exhaustion would be futile because the BOP continuously fails to follow the First Step Act and Second Chance Act, the undersigned notes that "the fact that a petitioner believes his grievances will be denied does not make the remedy futile." *Ansari v. Ma'at*, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion").  "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).

Because Quamey cannot show extraordinary circumstances that would warrant waiving the exhaustion requirement, the Petition should be dismissed without prejudice.

### CONCLUSION AND RECOMMENDATION

The record shows that Quamey did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement.  Thus, the undersigned recommends that the Petition [1] for Writ of Habeas Corpus be DISMISSED without prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 17th day of February, 2026.

s/ Michael T. Parker
United States Magistrate Judge