UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EMMANUEL QUAMEY                                                                    PETITIONER

V.                                              CIVIL ACTION NO. 3:25-CV-429-KHJ-MTP

WARDEN, FCI YAZOO CITY II                                                        RESPONDENT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [11] Report and Recommendation. R. & R. [11]. The [11] Report recommends dismissing without prejudice pro se Petitioner Emmanuel Quamey's ("Quamey") [1] Petition for Writ of Habeas Corpus. *Id.* at 4.

Quamey is an inmate at the Federal Correctional Complex in Yazoo City, Mississippi. Pet. [1] at 1. He contends the First Step Act and Second Chance Act entitle him to time credit which the Bureau of Prisons refuses to apply to his sentence. *Id.* at 2. Respondent opposes the relief because Quamey failed to exhaust his administrative remedies, among other reasons. *See* Resp. [10]. The [11] Report recommends dismissing the [1] Petition without prejudice because Quamey failed to exhaust his administrative remedies or identify any extraordinary circumstances warranting waiver of the exhaustion requirement. [11] at 4.

Written objections to the [11] Report were due by March 3, 2026. *See id.* at 5. Since Quamey is proceeding pro se and was served the [11] Report via mail, the Court allows him three additional days to file objections. *See* Fed. R. Civ. P. 6(d). So

any objection from him was due March 6, 2026. The [11] Report notified the parties that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. *See id.* at 5. No party objected to the [11] Report, and the time to do so has passed.[1]

The Court must review de novo a magistrate judge's report only when a party objects to the report within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1). When no party timely objects to the report, the Court applies "the 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Finding the [11] Report neither clearly erroneous, contrary to law, nor an abuse of discretion, the Court ADOPTS the [11] Report and DISMISSES this case without prejudice. In doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 10th day of March, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[1] The [11] Report mailed to Quamey was returned as undeliverable. *See* Mail [12]. But it is his responsibility to maintain a current address on the docket. And the Court "is not required to delay disposition of a case until a petitioner decides to provide his current address." *Hodges v. Matthews*, No. 5:18-CV-96-DCB-LRA, 2019 WL 2373200, at *1 (S.D. Miss. June 5, 2019).